# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND PRESCOTT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHARLES DEROSA,<br><br>　　　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | 1:07-cv-01138 LJO DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　Petitioner filed the instant petition for writ of habeas corpus on August 6, 2007.  (Court Doc. 1.)  Petitioner is challenging the execution of his sentence on equal protection grounds, i.e. that, as a deportable alien, he is being denied the same opportunities and programs as other inmates who are not deportable aliens.  As a result, Petitioner contends that he "is being forced to serve a harsher time than the Citizens of the United States," because he is unable to participate in certain programs and receives no reduction of his sentence.  Petitioner's claim fails on the merits and should be summarily dismissed.

　　　　In <u>McLean v. Crabtree</u>, 173 F.3d 1176, 1183-1186 (9th Cir. 1999), the Ninth Circuit specifically held that the denial of such benefits to deportable aliens, such as Petitioner, with immigration detainers does not violate the Constitution as this exclusion is "rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in

community treatment programs." <u>McLean v. Crabtree</u>, 173 F.3d at 1186 (holding that the Bureau of Prisons did not violate the defendants' statutory and constitutional rights when it denied their requests for an 18 U.S.C. § 3621(e)(2)(B) sentence reduction on the basis of an Immigration and Naturalization Service detainer lodged against them); <u>see</u> <u>Soto v. Gilkey</u>, 2006 WL 2013584 *2 (E.D. Cal. July 17, 2006) (following McLean); <u>U.S. v. Madrigal-Madrigal</u>, 2005 WL 2271930 * 1 (E.D. Cal. Sept. 14, 2005) (same).  Accordingly, Petitioner's claim is without merit and should be dismissed.

                              RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The instant petition for writ of habeas corpus be DISMISSED; and

2.      The Clerk of Court be directed to enter judgment.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **September 10, 2007**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE